**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM A. VESPUCCI,** | : | **Case No. 5:08-CV-362** |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | <u>**OPINION & ORDER**</u> |
| **Defendant.** | : | |

This is an action for judicial review of the final administrative decision of the Commissioner of Social Security ("Commissioner") denying the application of the Plaintiff, William A. Vespucci, for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq. Pursuant to Local Rule 72.2(b), this matter was referred to Magistrate Judge James S. Gallas for preparation of a Report and Recommendation ("R&R"). In his R&R, the Magistrate Judge recommended that the Commissioner's final administrative decision be affirmed as supported by substantial evidence, and that final judgment be entered in the Commissioner's favor. (Doc. 15.) Vespucci has timely filed an objection to the R&R (Doc. 16), and the Commissioner has filed a response (Doc. 17). For the reasons articulated below, the Court **OVERRULES** Vespucci's objection, **ADOPTS** the R&R, and **AFFIRMS** the final administrative decision of the Commissioner denying Vespucci's application.

**I.     BACKGROUND**

The R&R accurately sets forth the factual and procedural background of this action. (Doc. 15 at 1-2.) In the interest of efficiency, therefore, the Court adopts the R&R's articulation of the relevant factual and procedural background and provides only the following summary and augmentation of the facts.

Vespucci filed his SSI application on November 4, 2003, alleging disability as of September 30, 2002 due to a number of physical and mental impairments. At the state agency level, Vespucci's application was denied initially on February 23, 2004, and upon reconsideration on May 6, 2004. In July 2004, Vespucci requested a de novo hearing before an Administrative Law Judge ("ALJ"). On May 29, 2007, ALJ Mark M. Carissimi conducted an evidentiary hearing. At the hearing, the ALJ solicited testimony from Vespucci, who was then represented by attorney Sarah Dean; medical expert ("ME") Melvin Ross, M.D.; and vocational expert ("VE") Mark Anderson. On July 19, 2007, the ALJ issued a decision unfavorable to Vespucci. In short, the ALJ concluded at step five of the five-step sequential analysis set out in the Social Security regulations that Vespucci had the residual functioning capacity ("RFC") to perform a range of medium work, and that a sufficient number of jobs existed which he could perform, such that he was not under a "disability" as defined by the

Social Security Act.[1] On December 18, 2007, the Appeals Council denied Vespucci's request for review of ALJ Carissimi's decision, thereby rendering the ALJ's decision the final administrative decision of the Commissioner.

On February 13, 2008, Vespucci, now represented by attorneys Scott M. Kolligan and Michael A. Malyuk, sought this judicial review of the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). (Doc. 1.) As noted, Vespucci's action was referred to Magistrate Judge Gallas for preparation of a R&R, and the Magistrate Judge's R&R recommended that the Commissioner's final administrative decision be affirmed as supported by substantial evidence, and that final judgment be entered in the Commissioner's favor. (Doc. 15.) Specifically, in his R&R,

---

[1] Under Social Security regulations, an ALJ must follow a five-step sequential analysis in making a determination as to "disability." *See* 20 C.F.R. §§ 404.1520, 416.920. The Sixth Circuit has summarized the five steps as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). During the first four steps of the sequential analysis, the claimant has the burden of proof. *Id.* At the fifth step, the burden shifts to the Commissioner. *Id.*

the Magistrate Judge rejected Vespucci's five statements of error,[2] concluding that: (1) the ALJ did not err at step three of the five-step sequential analysis by determining that Vespucci's impairments did not meet or equal Section 12.05(C) of the Social Security Administration's Listing of Impairments, which defines mental retardation; (2) the ALJ did not err at step three of the five-step sequential analysis by determining that Vespucci did not meet or equal Section 1.04(A) of the Social Security Administration's Listing of Impairments, which defines disorders of the spine; (3) the ALJ did not err in formulating Vespucci's RFC; (4) the ALJ did not err by failing to have a ME at the evidentiary hearing who could have testified as to Vespucci's physical limitations; and (5) the ALJ did not err by finding Vespucci not fully credible.  (*Id.*)

On January 22, 2009, Vespucci timely filed an objection to the Magistrate Judge's R&R. (Doc. 16.)  Vespucci objects only to the portion of the R&R in which the Magistrate Judge concluded that the ALJ did not err at step three of the five-step sequential analysis in determining that Vespucci's impairments did not meet or equal the requirements of Listing 12.05(C) for mental retardation.  (*Id.*)  On January 27, 2009, the Commissioner filed a response to Vespucci's objection. (Doc. 17.)  The Commissioner argues that the Magistrate Judge's analysis of the ALJ's decision at step three was correct, and that the R&R should be adopted by the Court.  (*Id.*)

## II.  **STANDARD OF REVIEW**

In cases that are referred to a magistrate judge for preparation of a R&R, the Federal Magistrates Act requires that a district court conduct a de novo review only of those portions of a R&R to which the parties have made an objection.  28 U.S.C. § 636(b)(1)(C).  The district court may

---

[2] Vespucci's Fact Sheet initially identified only four statements of error (*see* Doc. 12 at 2), but as the Magistrate Judge correctly recognized, Vespucci actually raised a fifth statement of error in the argument section of the Fact Sheet (*see id.* at 2-12).

"accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

A district court's review of a final administrative decision of the Commissioner made by an ALJ in a Social Security action, however, is not de novo. Rather, a district court is limited to examining the entire administrative record to determine if the ALJ applied the correct legal standards in reaching his decision and if there is substantial evidence in the record to support his findings. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

"Substantial evidence" is evidence that a reasonable mind would accept to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence standard requires more than a scintilla, but less than a preponderance of the evidence. *Id.* To determine whether substantial evidence exists to support the ALJ's decision, a district court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Further, a district court must not focus, or base its decision, on a single piece of evidence. Instead, a court must consider the totality of the evidence on record. *See Allen v. Califano*, 613 F.2d 139 (6th Cir. 1980); *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

In fact, if there is conflicting evidence, a district court generally will defer to the ALJ's findings of fact. The Sixth Circuit instructs that "[t]he substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a *zone of choice* within which the decision maker can go either way without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citing *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)) (emphasis added). Accordingly, an ALJ's decision "cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as

substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

Nevertheless, even if an ALJ's decision is supported by substantial evidence, that decision will not be upheld where the Commissioner "fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## III. DISCUSSION

As noted, Vespucci raises only one objection to the R&R, contending that the Magistrate Judge wrongly concluded that the ALJ did not err at step three of the five-step sequential analysis in determining that Vespucci's impairments did not meet or equal the requirements of Listing 12.05(C) for mental retardation. Upon a de novo review of this portion of the R&R, the Court agrees with the Magistrate Judge and concludes that substantial evidence in the record supports the ALJ's decision. Further, because Vespucci failed to object to any other portion of the R&R, the Court adopts the remainder of the R&R without further discussion of Vespucci's other statement of errors, *see Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Hendrix v. Comm'r of Soc. Sec.*, No. 97-3637, 1998 U.S. App. LEXIS 30011, at *10 n.2 (6th Cir. Nov. 19, 1998); *Crum v. Sullivan*, 921 F.2d 642, 645 n.1 (6th Cir. 1990); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981), and affirms the final administrative decision of the Commissioner denying Vespucci's SSI application.

### VESPUCCI'S OBJECTION - STEP THREE ANALYSIS OF LISTING 12.05(C)

At step three of the five-step sequential analysis, an ALJ is required to make a finding of "disabled" if the claimant can demonstrate that his or her impairment or combination of impairments meets or equals the requirements for any of the listed impairments in 20 C.F.R. Part 404, Subpart

P, Appendix I of the Social Security regulations, including the requirements of Listing 12.05(C) for mental retardation. Listing 12.05(C) provides:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when . . .
>
> (C) [The claimant has demonstrated] a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. . . .

20 C.F.R. Pt. 404, Subpt. P, Appx. 1, § 12.05(C). In order to meet the requirements of Listing 12.05(C), a claimant must satisfy the diagnostic description in the introductory paragraph, as well the specific requirements of paragraph (C). *See Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001) (citing 20 C.F.R. Pt. 404, Subpt. P, Appx. 1, § 12.00(A)); *see also Cooper v. Comm'r of Soc. Sec.*, 217 Fed. Appx. 450, 452 (6th Cir. 2007). Therefore, a claimant must demonstrate the following three showings to satisfy Listing 12.05(C): (1) he or she experiences "significantly subaverage general intellectual functioning with deficits in adaptive functioning [that] initially manifested during the developmental period" or before age 22 (i.e., the diagnostic description); (2) he or she has a "valid verbal, performance, or full scale IQ of 60 through 70"; and (3) he or she suffers from "a physical or other mental impairment imposing an additional and significant work-related limitation or function." *West v. Comm'r of Soc. Sec.*, 240 Fed. Appx. 692, 697-98 (6th Cir. 2007); *see also Daniels v. Comm'r of Soc. Sec.*, 70 Fed. Appx. 868, 872 (6th Cir. 2003).

Here, at step three, ALJ Carissimi made a general finding that Vespucci's impairments did not meet or equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix I of the Social Security regulations. While the ALJ explicitly stated that Vespucci's impairments did not

meet or equal the criteria of Listings 12.02, 12.04, 12.08, and 12.09, the ALJ omitted any reference to Listing 12.05(C) in his decision.

In the R&R, the Magistrate Judge rejected Vespucci's argument that the ALJ erred in his step-three analysis by failing to find that Vespucci's impairments met or equaled Listing 12.05(C). The Magistrate Judge determined that, even though the ALJ did not specifically mention Listing 12.05(C), there was substantial evidence in the record supporting the ALJ's general finding at step three, because Vespucci did not present evidence to satisfy the first required showing under Listing 12.05(C), i.e., Vespucci did not satisfy the diagnostic description for mental retardation or demonstrate that he experiences "significantly subaverage general intellectual functioning with deficits in adaptive functioning [that] initially manifested during the developmental period" or before age 22. The Magistrate Judge reached this conclusion, by noting that: (1) Vespucci's only IQ score before age 22 was a full scale score of 73, which exceeded the threshold of "significantly subaverage general intellectual functioning";[3] and (2) Vespucci did not offer any evidence that he had deficits in adaptive functioning, or had deficits in areas such as social skills, communication, and daily living skills before age 22. (Doc. 15 at 3-5.) In other words, the Magistrate Judge concluded that Vespucci's evidence failed "to conclusively establish that the severity of his condition manifested itself during his youth in order to meet the requirements of [Listing] 12.05(C)." (*Id.* at 5.)

In his objection, Vespucci argues that this portion of the R&R should not be adopted, because the Magistrate Judge incorrectly ruled that Vespucci had to submit evidence of an IQ score before age 22 that was between 60 and 70 in order to satisfy the first required showing under Listing

---

[3] Vespucci's full scale score of 73 was obtained when Vespucci was 16 years old. There was no indication of an associated verbal or performance IQ score in the record.

-8-

12.05(C). (Doc. 16 at 1-3 ("Plaintiff meets Listing 12.05(C) as there is no requirement in the Regulations that he have an IQ of 70 or less before age 22.")) Further, Vespucci contends that he has satisfied the first required showing under Listing 12.05(C), because his "education (he completed the 8th grade) and lack of a GED, along with the fact that he was only enrolled in special education classes throughout his schooling show that he had deficits in adaptive functioning." (*Id.* at 2.)

Upon a de novo review, however, the Court disagrees with Vespucci. First, the Magistrate Judge did not rule that Vespucci had to submit evidence of an IQ score before age 22 that was between 60 and 70 in order to satisfy the first required showing under Listing 12.05(C). Instead, the Magistrate Judge correctly referred to Vespucci's full scale IQ score of 73 simply to explain that this IQ score, which was obtained at age 16, did not satisfy the first required showing, a point that Vespucci actually agrees with in his objection. (Doc. 16 at 1 ("The Magistrate Judge correctly noted that "The only IQ score he has before age 22 is a full scale score of 73, which exceeded the threshold of 'significantly subaverage general intellectual functioning.'"))[4] Second, the Court finds that there is substantial evidence that Vespucci has not satisfied the first required showing under Listing 12.05(C). For example, there is nothing in the record suggesting that Vespucci has ever been diagnosed with any form of mental retardation, and Vespucci has not indicated that any such diagnosis exists.[5] Moreover, Vespucci testified to performing a variety of activities that are

---

[4] *See West*, 240 Fed. Appx. at 698 ("While the claimant *may* use a qualifying IQ score before the age of 22 to demonstrate that his subaverage intellectual functioning initially manifested during his developmental period, a claimant is by no means *required* to produce an IQ score obtained prior to age 22.") (emphasis in original) (citations omitted).

[5] The Court notes that Vespucci was diagnosed with borderline intellectual functioning, but borderline intellectual functioning is distinguishable from mental retardation. *See Payne v. Comm'r of Soc. Sec.*, No. 3:07-CV-251, 2008 U.S. Dist. LEXIS 58297, at *9 (E.D. Tenn. July 23, 2008) (citing *Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 126 (6th Cir. 2003)).

inconsistent with mental retardation or deficits in adaptive functioning, including taking care of himself, obtaining a driver's license, and working as a roofer for a number of years. *See, e.g.*, *West*, 240 Fed. Appx. at 698-99 (finding that there was substantial evidence in the record that the claimant did not meet the diagnostic description under Listing 12.05(C), because no psychologist had diagnosed him with mental retardation and he had performed a number of activities inconsistent with mental retardation or deficits in adaptive functioning); *Cooper*, 217 Fed. Appx. at 452 (same); *Carmack v. Barnhart*, 147 Fed. Appx. 557, 560-61 (6th Cir. 2005) (same); *Jenkins v. Comm'r of Soc. Sec.*, No. 1:06-CV-552, 2007 U.S. Dist. LEXIS 97026, at *12-19 (S.D. Ohio Oct. 30, 2007) (same). And lastly, the only evidence that Vespucci references in regards to satisfying the first required showing – his testimony that he was enrolled in special education class throughout his schooling and that he only completed the eighth grade and has not obtained a GED – is insufficient, especially when there was no evidence in the record linking Vespucci's special education to mental retardation. *See Mathious v. Barnhart*, 490 F. Supp. 2d 833, 843 (E.D. Mich. 2007) (holding that the claimant's special education, without more, did not demonstrate that his intelligence impairment satisfied the diagnostic description for Listing 12.05(C)); *see also Foster*, 279 F.3d at 352, 354-55 (finding that there was substantial evidence in the record that the claimant did not satisfy the diagnostic description for Listing 12.05(C), even though the claimant had only completed the ninth grade in special education classes and had tried four times without success to earn her GED).

Accordingly, in light of the foregoing and based on the Court's review of the record in regards to Vespucci's objection, the Court agrees with the Magistrate Judge's analysis in the R&R and concludes that the ALJ did not err at step three of the five-step sequential analysis in determining that Vespucci failed to meet his burden to show that he met or equaled Listing 12.05(C).

## IV. CONCLUSION

The Court finds that the ALJ's decision that Vespucci was not "disabled" as that term is defined by the Social Security Act was reached by applying the correct legal standards and was supported by substantial evidence. As such, for all of the above reasons, the Court **OVERRULES** Vespucci's objection, **ADOPTS** the R&R, and **AFFIRMS** the final administrative decision of the Commissioner denying Vespucci's application.

**IT IS SO ORDERED.**

**/s/ Kathleen M. O'Malley**
**KATHLEEN McDONALD O'MALLEY**
**Dated: January 29, 2009**     **UNITED STATES DISTRICT JUDGE**